UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LOUISIANA CLEANING SYSTEMS, INC., ET AL. | CIVIL ACTION NO. 6:17-cv-01399 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| RANDY FONTENOT, ET AL. | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

Pending before the court is the defendants' motion to dismiss the plaintiffs' claims for penalty, punitive, or exemplary damages (Rec. Doc. 8). The motion is opposed. The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

### **BACKGROUND**

The complaint filed in this lawsuit alleged that the defendants are liable under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments to the United States Constitution. More particularly, the complaint alleged that an ordinance enacted by the City of Eunice, Louisiana, which forbids the door-to-door sale of vacuum cleaners, is unconstitutional and resulted in injuries to the plaintiffs. The plaintiffs alleged that plaintiff Charles Nugent is the president of plaintiff Louisiana

Cleaning Systems, Inc., and that Louisiana Cleaning Systems is in the business of selling Kirby vacuum cleaners door-to-door. The plaintiffs alleged that they attempted to obtain a permit to sell vacuum cleaners door-to-door in Eunice but the subject city ordinance bans such sales. The plaintiffs further alleged that they were harassed by Eunice police officers while attempting to sell their products. Additionally, they alleged that Mr. Nugent was falsely arrested in June 2017, handcuffed, transported in a City of Eunice police cruiser, booked, and jailed while attempting to sell vacuum cleaners, although the charges against him were dropped in September 2017. They alleged that Mr. Nugent's arrest and imprisonment violated Louisiana state law.

The plaintiffs seek a declaration that the cited ordinance is unconstitutional as well as an injunction against enforcement of the ordinance. They also seek the recovery of compensatory and punitive damages. In the instant motion, the defendants seek to have the plaintiffs' claims for punitive damages dismissed.

## LAW AND ANALYSIS

### A. The Motion Will be Construed Under Fed. R. Civ. P. 12(b)(6)

Although the movants did not designate their motion as arising under any particular federal rule of civil procedure or set forth the standard to be used in resolving the motion, this Court will construe the motion as being governed by Fed.

R. Civ. P. 12(b)(6). Under that rule, a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[1] In this motion, the movants seek to have certain claims dismissed because the plaintiffs have not established the factual underpinnings entitling the plaintiffs to relief. Accordingly, the motion will be construed as a Rule 12(b)(6) motion.

B.  **The Applicable Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[3] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[4] However, conclusory allegations and unwarranted

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[2] *Ramming v. United States*, 281 F.3d at 161.

[3] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]  If the plaintiff fails to allege facts

---

[5] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[9] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

## C.  Are Punitive Damages Available?

In this lawsuit, the plaintiffs asserted claims against the City of Eunice, the city's mayor Scott Fontenot, the city's police chief Randy Fontenot, and other as yet unidentified police officers. The plaintiffs expressly sought the recovery of punitive damages. The defendants contend that the punitive damages claim asserted against

---

[11]  *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[12]  *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13]  *Ashcroft v. Iqbal*, 556 U.S. at 679.

[14]  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

them should be dismissed, arguing that the plaintiff in a Section 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities and also arguing that there is no statutory basis for the imposition of punitive damages with regard to the plaintiff's state-law claims.

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action."[15] The City of Eunice is, by definition, a municipality, and the city's police department is an agency of that municipality. "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[16] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[17] Therefore, the plaintiffs are barred from recovering punitive damages against a defendant acting in his official capacity. On the other hand, however, the United States Supreme Court has recognized that punitive damages may be recoverable against municipal employees

---

[15] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981).

[16] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)).

[17] *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

sued in their individual capacities.[18]  In this lawsuit, both the mayor and the police chief were expressly sued in both their individual and official capacities.

Accordingly, this Court finds that the plaintiffs do not have valid claims for punitive damages against the City of Eunice or the Eunice Police Department. Similarly, this Court finds that the plaintiffs do not have valid claims for punitive damages against Chief Fontenot or Mayor Fontenot with regard to any Section 1983 claims asserted against them in their official capacities.  Therefore, the motion to dismiss the plaintiffs' punitive damages claims should be granted with regard to the claims asserted against the City of Eunice, the Eunice Police Department, and Chief Fontenot and Mayor Fontenot in their official capacities.

Punitive damages are recoverable, however, against municipal employees who are sued in their individual capacities pursuant to a Section 1983 claim.[19]  Therefore, to the extent that the plaintiffs might be seeking to recover punitive damages with regard to a Section 1983 claim against any person in his or her individual capacity, the motion to dismiss should be denied.

---

[18]  *Smith v. Wade*, 461 U.S. 30, 35 (1983).

[19]  *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006) (citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered.[20] The plaintiffs have not identified any statutory provisions that allow the recovery of punitive damages for the state-law claims that were asserted against the defendants in this lawsuit. Accordingly, the motion to dismiss should be granted with regard to the plaintiffs' claim for state-law punitive damages.

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the defendants' motion to dismiss (Rec. Doc. 8) be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motion to dismiss the plaintiffs' claim for the recovery of punitive damages in connection with their Section 1983 claims be GRANTED with regard to the plaintiffs' Section 1983 claims against the City of Eunice, the plaintiffs' Section 1983 claims against the Eunice Police Department, and any Section 1983 official-capacity claims against any individuals, including but not limited to Eunice Police Chief Randy Fontenot and Eunice Mayor Scott Fontenot, and it is recommended that those claims be dismissed with prejudice;

---

[20] See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

IT IS RECOMMENDED that the motion to dismiss the plaintiffs' state-law punitive damages claims be GRANTED, and it is recommended that those claims be dismissed with prejudice; and

IT IS RECOMMENDED that the motion be denied in all other respects, particularly with regard to any individual-capacity claims that might have been asserted against Eunice Police Chief Randy Fontenot, Eunice Mayor Scott Fontenot, or any other individual defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

 Signed at Lafayette, Louisiana on February 5, 2018.

          _____
          PATRICK J. HANNA
          UNITED STATES MAGISTRATE JUDGE