UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LOUISIANA CLEANING SYSTEMS,        CIVIL ACTION NO. 6:17-cv-01399
INC., ET AL.

VERSUS                             UNASSIGNED DISTRICT JUDGE

RANDY FONTENOT, ET AL.             MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before the court is the defendants' Rule 12(b)(6) motion to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted (Rec. Doc. 12).  The motion is opposed.  The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART and that the plaintiffs be allowed to amend their complaint.

## BACKGROUND

The plaintiffs in this lawsuit are Louisiana Cleaning Systems, Inc. and its president, Charles Nugent.  In their complaint, they asserted claims against the City of Eunice, Louisiana, Eunice mayor Scott Fontenot, Eunice police chief Randy Fontenot, and two unidentified Eunice city police officers.  The plaintiffs alleged that Louisiana Cleaning Systems is in the business of selling Kirby vacuum cleaners door-

to-door, that they attempted to obtain a permit to sell vacuum cleaners door-to-door in Eunice, and that they were unable to obtain such a permit because a city ordinance bans any such sales. The plaintiffs further alleged that they were harassed by Eunice police officers while attempting to sell their products. Additionally, they alleged that Mr. Nugent was falsely arrested in June 2017, handcuffed, transported in a City of Eunice police cruiser, booked, and jailed while attempting to sell vacuum cleaners, although the charges against him were dropped in September 2017.

The plaintiffs contend that the defendants are liable to the plaintiffs under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments to the United States Constitution and that Mr. Nugent's arrest and imprisonment violated Louisiana state law. They also contend that the city ordinance forbidding the door-to-door sale of products such as vacuum cleaners is unconstitutional and resulted in injuries to the plaintiffs.

The plaintiffs seek a declaration that the cited ordinance is unconstitutional as well as an injunction against enforcement of the ordinance. They also seek the recovery of compensatory and punitive damages. In the instant motion, the defendants seek to have the plaintiffs' complaint dismissed for failure to state a claim.

-2-

<h1 style="text-align:center">LAW AND ANALYSIS</h1>

## A.    THE STANDARD FOR EVALUATING A RULE 12(B)(6) MOTION

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

---

[1]    *Ramming v. United States*, 281 F.3d at 161.

[2]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "[D]etermining whether a

---

[6]      *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7]      *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8]      *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9]      *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]      *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11]      *Ashcroft v. Iqbal*, 556 U.S. at 678.

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B.    THE INDIVIDUAL-CAPACITY CLAIMS

The plaintiff's complaint stated that Chief Fontenot and Mayor Fontenot are being sued in both their individual capacities and also in their official capacities. It is unclear from the face of the complaint, however, precisely to what extent either of them was involved – if at all – in the events that the plaintiffs are complaining about. The plaintiffs alleged that Chief Fontenot condoned and ratified the police department's enforcement of the subject ordinance, knew or should have known that the ordinance was unconstitutional, and failed to supervise, discipline, and train the department's police officers. The plaintiffs alleged that both the city and Mayor Fontenot refused to issue permits to allow door-to-door sales and continually enforced an illegal ordinance. But no specific custom or policy of either the police chief or the mayor was identified. Similarly, no specific actions or decisions by either

---

[12]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]    *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

the chief or the mayor was identified in the complaint that would support the conclusion that either of them was personally involved in the events complained of by the plaintiffs.

In response to the defendants' motion, the plaintiffs admitted that their individual-capacity claims against Chief Fontenot and Mayor Fontenot are lacking in factual detail, and they requested an opportunity to amend their complaint.

To establish an individual capacity claim, under Section 1983, a claimant must show that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the alleged constitutional deprivation.[14] Supervisory officers such as Chief Fontenot and Mayor Fontenot cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[15] A state actor may be liable under Section 1983 only if the plaintiff establishes that the defendant supervisory official was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional

---

[14]    *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012).

[15]    *Alton v. Texas A & M University*, 168 F.3d 196, 200(5th Cir. 1999).

violation.[16]  Alternatively, a supervisory official may be liable under Section 1983 if he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[17]  In this case, the plaintiffs' complaint is lacking in factual allegations against Chief Fontenot or Mayor Fontenot supporting the conclusion that either of them implemented any such policy.

While the complaint does not allege facts clearly setting forth Chief Fontenot's and Mayor Fontenot's role in the alleged events or in the confection or implementation of relevant policies, the plaintiff has requested an opportunity to amend his complaint.  Permitting the plaintiffs to amend their complaint will be recommended and is discussed in greater detail below.

## C.    THE OFFICIAL-CAPACITY CLAIMS

In their complaint, the plaintiffs asserted official-capacity claims against Chief Fontenot and Mayor Fontenot as well as a claim against the City of Eunice.  "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents."[18]  Therefore, it is "well settled that a suit

---

[16]    *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[17]    *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Alton v. Texas A & M*, 168 F.3d at 200.

[18]    *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1712549 (W.D. La. May 15, 2012).  See, also, *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005).

against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[19]  When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this Circuit have found it is appropriate to dismiss them.[20]

In keeping with this principle, this Court finds that the plaintiff's claims against Chief Fontenot and Mayor Fontenot in their official capacities are redundant of the claim asserted against the City of Eunice and will recommend that the defendants' motion be granted with regard to the official-capacity claims against Chief Fontenot and Mayor Fontenot and that those official-capacity claims be dismissed.

## D.    THE CONSPIRACY CLAIM

The defendants went to great lengths to argue that the plaintiffs failed to articulate a valid conspiracy claim in their complaint.  In response, however, the plaintiffs denied asserting a conspiracy claim, and the plaintiffs requested an opportunity to amend their complaint.  Accordingly, it will be recommended that the

---

[19]     *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[20]     See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261(5th Cir. 1996).

plaintiffs be allowed to amend their complaint and that they be specifically instructed to delete any reference to a conspiracy claim from their amended complaint.

## E.   RES JUDICATA AND COLLATERAL ESTOPPEL

In support of their motion, the defendants contended that principles of res judicata and collateral estoppel bar the plaintiffs' claims, arguing that recent decisions in other cases control the outcome of this one. This Court finds that this argument goes to the merits of the plaintiffs' claims and is not appropriate for resolution at this stage of the litigation. All that needs to be decided at this point is whether the plaintiffs have articulated a plausible claim, not whether that claim has merit. This Court finds that plausible Section 1983 and state-law claims were stated in the plaintiffs' complaint and declines the defendants' invitation to delve into the merits of those claims at this time.

## F.   THE FALSE ARREST CLAIMS

The defendants argued that the plaintiffs' false arrest claim should be dismissed for a variety of reasons, all of which go to the merits of the claim rather than to whether a claim was sufficiently stated in the complaint. More particularly, the defendants suggested that there was probable cause for the arrest and that the defendants are entitled to qualified immunity. Both of those issues go beyond the scope of a Rule 12(b)(6) motion and will not be considered further at this time. This

Court finds that a plausible false arrest claim was stated in the complaint and will not resolve, at this time, whether that claim has merit or whether the defendants are entitled to qualified immunity.

## G.    THE PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

In response to the defendants' motion, the plaintiffs requested an opportunity to amend their complaint. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[21]  Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires.  Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[22]  Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner

---

[21]    *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[22]    *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

which will avoid dismissal."[23]   The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[24]

This Court finds that it would be inequitable to dismiss the plaintiffs' complaint without allowing them an opportunity to remedy the sparseness of the factual allegations.  Therefore, it will be recommended that the plaintiffs be permitted to file an amended complaint for the purpose of clarifying the individual-capacity claims asserted against Chief Fontenot and Mayor Fontenot, identifying the policies confected or implemented by the chief or the mayor that led to the plaintiff's alleged injury, deleting any reference to a conspiracy among the defendants, and alleging a valid factual basis for all of the plaintiffs' remaining claims.  It will also be recommended that the defendants be afforded an opportunity to file another Rule 12(B)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

## CONCLUSION

For the foregoing reasons,

---

[23]        *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002).

[24]        *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc*., 933 F.2d 314, 320 (5th Cir. 1991)

IT IS RECOMMENDED that the defendants' motion to dismiss (Rec. Doc. 12) be GRANTED IN PART and DENIED IN PART. More particularly, it is recommended:

(a) that the motion be granted with regard to the official-capacity claims against Police Chief Randy Fontenot and Mayor Scott Fontenot and that those claims be dismissed without prejudice because they are redundant of the plaintiffs' claims against the City of Eunice;

(b) that the motion be denied in all other respects;

(c) that the plaintiffs be granted leave of court to file an amended complaint; and

(d) that the defendants be permitted to reurge their motion after review of the amended complaint, if necessary or appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on February 7th, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-13-