| | |
|---|---|
| LOUISIANA CLEANING SYSTEMS, INC., ET AL. | CIVIL ACTION NO. 6:17-cv-01399 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| RANDY FONTENOT, ET AL. | MAGISTRATE JUDGE HANNA |

## ORDER

Currently pending is the defendants' motion to dismiss the plaintiffs' complaint under Rule 41 of the Federal Rules of Civil Procedure. (Rec. Doc. 31). The motion is opposed. For the following reasons, the motion is DENIED AS MOOT.

Also currently pending is the defendants' motion to quash discovery propounded by the plaintiffs. (Rec. Doc. 32). The motion is opposed. For the following reasons, the motion to quash is GRANTED.

## Background

In their original complaint, plaintiffs Louisiana Cleaning Systems, Inc. and its president, Charles Nugent, asserted claims against the City of Eunice, Eunice mayor Scott Fontenot, Eunice police chief Randy Fontenot, and two unidentified police officers. The plaintiffs alleged that Louisiana Cleaning Systems is in the business of selling vacuum cleaners door-to-door, that they attempted to obtain a permit to sell door-to-door in Eunice, and that they were unable to obtain a permit because a

city ordinance bans such sales. The plaintiffs also alleged that they were harassed by Eunice police officers while attempting to sell their products and that Mr. Nugent was falsely arrested in June 2017.

The plaintiffs contended that the defendants are liable under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments to the United States Constitution, that Mr. Nugent's arrest and imprisonment violated Louisiana state law, and that the ordinance forbidding door-to-door sales is unconstitutional. They sought a declaration that the ordinance is unconstitutional, an injunction against enforcement of the ordinance, and the recovery of compensatory damages.

The defendants responded to the plaintiffs' complaint with a motion to dismiss for failure to state a claim. (Rec. Doc. 12). The Magistrate Judge recommended that the motion be granted in part and denied in part and that the plaintiffs be allowed to amend their complaint. (Rec. Doc. 23). Those recommendations were adopted in the District Court's judgment of February 27, 2018. (Rec. Doc. 24).

When more than three months went by without an amended complaint having been filed, the defendants filed the instant motion to dismiss on June 14, 2018, arguing that the plaintiffs' failure to promptly file an amended complaint was a valid basis for dismissal of the lawsuit under Fed. R. Civ. P. 41(b), which permits involuntary dismissal upon a plaintiff's failure to prosecute his case or to comply

with any order of the court.  Four days later, on June 19, the plaintiffs filed a motion for a status conference, which was granted.  On June 25, the plaintiffs filed an amended complaint.  The status conference was held by the Magistrate Judge on June 28.  During the status conference, the parties briefly discussed the instant motion to dismiss, the plaintiff's claimed need for discovery, and the fact that an amended complaint had been filed between the time that the motion for a status conference was filed and the actual date of the conference.  During the conference, the defendants indicated that they would likely file a reurged motion to dismiss, seeking the dismissal of the amended complaint, and the briefing and hearing deadlines for that anticipated motion were addressed.  Because there already were two motions set to be heard on July 26, 2018, the Magistrate Judge indicated in the minutes of the status conference that the anticipated motion to dismiss would also be set for hearing on that date.  (Rec. Doc. 44).  However, the reurged motion to dismiss was not filed until July 9, 2018, making it difficult for the motion to be fully briefed and considered by the court before the proposed hearing date.

## Law and Analysis

## I. The Motion to Dismiss

Rule 41(b) of the Federal Rules of Civil Procedure reads as follows:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

may move to dismiss the action or any claim against it."  The rule goes on to explain that a dismissal under Rule 41(b) is an adjudication on the merits, requiring that the suit be dismissed with prejudice.  Dismissal with prejudice is an extreme sanction.[1]  For that reason, the Fifth Circuit has consistently held that dismissal with prejudice is warranted only when a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.[2]

The instant motion to dismiss was premised on the plaintiffs' having failed to amend their complaint after having been granted leave to do so.  But no firm deadline for amending the complaint was set forth in either the Magistrate Judge's report and recommendation or in the District Court's judgment.  Therefore, there is no basis for concluding that the plaintiffs failed to comply with the court's order.  There also is no evidence of contumacious conduct or any intentional attempt to delay these proceedings.  In their opposition to the motion, the plaintiffs explained that they experienced great difficulty obtaining the names of the officers involved in Mr. Nugent's arrest, and this accounted for their delay in filing the amended complaint. Furthermore, the plaintiffs quickly responded to the defendants' nudge (in the form of the instant motion to dismiss), reminding them that the filing of an amended

---

[1]     *Gonzalez v. Firestone Tire & Rubber Co*., 610 F.2d 241, 247 (5th Cir. 1980).

[2]     *Gonzalez v. Firestone Tire & Rubber Co*., 610 F.2d at 247.

complaint was anticipated. The plaintiffs promptly sought the involvement of the Magistrate Judge by requesting a status conference. More important, with the filing of the amended complaint, the basis for the instant motion to dismiss wholly evaporated. Accordingly, the instant motion to dismiss will be denied as moot.

The oral argument on the instant motion to dismiss will be cancelled, and in order to allow the plaintiffs sufficient time to respond to the defendants' reurged motion to dismiss, oral argument on that motion will be set for August 23, 2018.

## II.   The Motion to Quash Discovery

The plaintiffs' complaint was filed in October 2017, initiating this lawsuit. On June 6, 2018, the plaintiffs propounded written discovery requests on the defendants. (Rec. Doc. 32-3). But no scheduling order has yet been issued, and no conference has yet been held under Fed. R. Civ. P. 26(f). Therefore, the defendants filed the instant motion to quash, seeking to avoid having to respond to the discovery requests at this time.

Fed. R. Civ. P. 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except. . . by stipulation, or by court order." It is clear from the discussion at the status conference of June 25, 2018, that the parties did not stipulate that discovery could be undertaken,

and no order from the court has authorized discovery in this action. Therefore, the plaintiffs' written discovery requests were premature.

The plaintiffs' response to the motion indicated that the discovery was propounded for the sole purpose of learning the names of the police officers involved in the arrest of plaintiff Charles Nugent so that the plaintiff could amend their complaint to substitute the actual names of those officers for the placeholder names used in the original complaint. Since the filing of the motion and the opposition memorandum, however, the plaintiffs learned the names of the officers involved in the incident and amended their complaint to name them. (Rec. Doc. 41). Therefore, the only reason stated by the plaintiffs for the premature discovery requests no longer exists. Accordingly, the motion to quash will be granted, and the defendants will not be required to respond to the discovery requests until after the parties' Rule 26(f) conference, the deadline for which will be set forth in the scheduling order.

## Conclusion

For the reasons set forth above,

IT IS ORDERED that the defendants' motion to dismiss (Rec. Doc. 31) is DENIED AS MOOT.

IT IS FURTHER ORDERED that oral argument on the motion to dismiss (Rec. Doc. 31), which was previously scheduled for July 26, 2018, is CANCELLED.

IT IS FURTHER ORDERED that oral argument on the reurged motion to dismiss (Rec. Doc. 47) is SET for 9:30 a.m. on August 23, 2018.

IT IS FURTHER ORDERED that the defendants' motion to quash discovery propounded by the plaintiffs (Rec. Doc. 32) is GRANTED.

IT IS FURTHER ORDERED that oral argument on the motion to quash (Rec. Doc. 32), which was previously scheduled for July 26, 2018, is CANCELLED.

Signed at Lafayette, Louisiana on July 12, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE